**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 12-cv-00321-REB-CBS

BROADCAST MUSIC, INC.,
STONE DIAMOND MUSIC CORP.,
UNIVERSAL-SONGS OF POLYGRAM INTERNATIONAL, INC.,
SONY/ATV SONGS, LLC d/b/a SONY ATV MELODY,
SONY/ATV SONGS, LLC,
THE BERNARD EDWARDS COMPANY, LLC,
CONCORD MUSIC GROUP, INC. d/b/a JONDORA MUSIC,
SONY/ATV SONGS LLC d/b/a SONY ATV TREE PUBLISHING,
VELVET APPLE MUSIC,
EMI BLACKWOOD MUSIC, INC.,
WARNER-TAMERLANE PUBLISHING CORP.,
UNICHAPPELL MUSIC, INC.,
ECAF MUSIC,
SONGS OF UNIVERSAL, INC.,
EMI VIRGIN SONGS, INC. d/b/a EMI LONGITUDE MUSIC,
RONDOR MUSIC INTERNATIONAL, INC. d/b/a IRVING MUSIC, and
HAYROME PUBLISHING,

     Plaintiffs,

v.

CLEATZ BAR AND GRILL, LLC d/b/a CLEATZ SPORTS BAR & GRILL, and
LORI E. GARNER, individually,

     Defendants.

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT**

**Blackburn, J.**

The matter before me is plaintiffs' **Motion for Default Judgment** [#15][1] filed May 14, 2012. I grant the motion in part and deny it without prejudice in part.

---

[1] "[#15]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

I have jurisdiction over this case. My jurisdiction arises under 28 U.S.C. § 1331 (federal question).

Plaintiff duly served the corporate defendant Cleatz Bar and Grill LLC d/b/a Cleatz Sports Bar & Grill in accordance with Fed. R. Civ. P. 4(h)(1)(B), and the individual defendant Lori E. Garner as required by Fed. R. Civ. P. 4(e)(2)(a).

Defendants have failed to answer or otherwise respond within the time permitted by law, and thus have admitted the factual allegations of the complaint other than those relating to damages.  **See FED. R. CIV. P**. 8(d); **see also Burlington Northern Railroad Co. v. Huddleston**, 94 F.3d 1413, 1415 (10th Cir. 1996).  Entry of default pursuant to Fed. R. Civ. P. 55(a) was made by the Clerk of the Court as to both defendants on March 29, 2012 [#13].  Plaintiff therefore is entitled to default judgment against these defendants pursuant to Fed. R. Civ. P. 55(b).

The complaint asserts 18 claims of copyright infringement.  The averments of fact set forth in the complaint are sufficient to establish the elements of a claim of copyright infringement, that is, ownership of valid copyrights and copying of constituent elements of the works that are original.[2]  **Feist Publications, Inc. v. Rural Telephone Service Co., Inc.**, 499 U.S. 340, 361, 111 S.Ct. 1282, 1296, 113 L.Ed.2d 358 (1991); **Syrus v. Bennett**, 455 Fed. Appx. 806, 808 (10th Cir. Nov. 3, 2011), **cert. denied**, 2012 WL 1079663 (May 29, 2012) (No. 11-9629).  In addition, the allegations of the complaint are sufficient to establish that both defendants contributed to the infringement, and thus

---

[2] Ownership of a valid certificate of copyright registration creates a rebuttable presumption that the work is original.  **See** 17 U.S.C. § 410(c); **Universal Furniture International, Inc. v. Collezione Europa USA, Inc**., 618 F.3d 417, 430 (4th Cir. 2010); **Latimer v. Roaring Toyz, Inc.**, 601 F.3d 1224, 1233 (11th Cir. 2010).

2

they may be held jointly and severally liable for plaintiffs' damages.  17 U.S.C. § 504(c)(1); ***Wilcox v. Raintree Inns of America, Inc.***, 1996 WL 48857 at *3 (10th Cir. Feb. 2, 1996).  Moreover, and although the complaint itself makes only a conclusory allegation that these violations were willful, ***see*** Wright, Miller, Kane & Marcus, 10A ***Federal Practice & Procedure*** § 2688 (3rd ed.); ***Russell v. Railey*** 2012 WL 1190972 at *2-3 (D. Md. April 9, 2012), the affidavits submitted in support of the motion for default judgment, which are uncontroverted, more than adequately establish that the alleged infringements in fact were willful, ***see Amini Innovation Corp. v. KTY International Marketing***, 768 F.Supp.2d 1049, 1054-55 & n.1 (C.D. Cal. 2011).

The Copyright Act reposes substantial discretion in the district court to set an appropriate amount of statutory damages within the broad range established by law. ***See*** 17 U.S.C. § 504(c) (permitting award of between $750 and $30,000, or up to $150,000 for willful infringement).  Plaintiffs seek statutory damages in the amount of $2,000 per infringement.  This request is well within the range of awards found appropriate for willful copyright infringement by federal courts, including courts in this circuit.  ***See, e.g.***, ***Major Bob Music v. South Shore Sports Bar & Grill, Inc***.  2010 WL 2653330 at *4 (D. Utah June 30, 2010); ***Girlsongs v. 609 Industries, Inc.***, 625 F.Supp.2d 1127, 1132 (D. Colo. 2008).$^{3}$  I therefore find and conclude that plaintiffs are entitled to an award of $2,000 per infringement, or $36,000 in statutory damages, for defendants' willful copyright infringement.

Plaintiffs also seek an award of costs, including attorney fees, of $6,542.50

---

$^{3}$ Alternatively, courts have award statutory damages of 2-3 times the amount of license fees owed.  ***See Major Bob Music***, 2010 WL 2653330 at *3; ***Girlsongs***, 625 F.Supp.2d at 1131.

incurred through the date of the filing of the motion for default judgment.  (**See Motion App.**, Exh. 3.)  The Copyright Act provides for the imposition of "full costs," including reasonable attorney fees, to the prevailing party.  17 U.S.C. § 505; **Girlsongs**, 625 F.Supp.2d at 1132.   "Plaintiffs in copyright actions may be awarded attorneys' fees simply by virtue of prevailing in the action: no other precondition need be met, although the fee awarded must be reasonable."  **Girlsongs**, 625 F.Supp.2d at 1132 (citation and internal quotation marks omitted).

Despite the availability of attorney fees, plaintiffs here simply submit all their attorney fee records and ask for full compensation, presenting neither argument nor evidence that the amount of fees requested or the hourly billing rates charged in fact are reasonable.  This omission is fatal to their request.  I am neither required nor inclined to accept their unsubstantiated suggestion that the total number of hours expended in prosecuting this matter was reasonable.  In addition, and even if the amount of hours expended were reasonable in general – which is not proven on the record before me – plaintiffs' submission provides no basis by which I properly might conclude that any particular portion of that time was reasonably necessary.  Likewise, nothing in the record demonstrates the reasonableness of staffing this apparently routine and uncomplicated matter with two attorneys and a paralegal billing at rates that appear well above the norm in the prevailing market, at least in the absence of any proffer as to why plaintiffs' counsel warrants compensation at those rates.  **See Ward v. Siebel**, 2012 WL 2196054 at *3 (D. Colo. June 15, 2012) ("The burden is on the party seeking fees to provide evidence of the prevailing market rate for similar services by lawyers of

4

reasonably comparable skill, experience, and reputation in the relevant community.") (quoting **Case v. Unified School District**, 157 F.3d 1243, 1255–56 (10th Cir. 1998)) (internal quotation marks omitted).[4]

In sum, although "attorney's fees are awarded more often as the rule than the exception" in cases of this nature, **JMV Music, Inc. v. Cichran**, 2000 WL 1863478 at *3 (D. Kan. Nov. 16, 2000) (citation and internal quotation marks omitted), there is nothing in the record that would allow me to conclude that counsel exercised the type of billing judgment that must be part of the reasonableness calculation. **See Hensley v. Eckerhart**, 461 U.S. 424, 434, 103 S.Ct. 1933, 1940, 76 L.Ed.2d 40 (1983) ("Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority.") (citation and internal quotation marks omitted: emphases in original). **See also Malloy v. Monahan**, 73 F.3d 1012, 1017-18 (10th Cir. 1996). I therefore deny without prejudice the motion insofar as it seeks attorney fees.[5]

**THEREFORE, IT IS ORDERED** as follows:

1. That plaintiffs' **Motion for Default Judgment** [#15] filed May 14, 2012, is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. That the motion is **GRANTED** insofar as it seeks default judgment as to liability and statutory damages against defendants; and

---

[4] The attorneys who worked on this case seek compensation at rates of $525 and $325 per hour, respectively, and a $160 per hour rate for paralegal time. This strikes the court as excessive in light of its own knowledge of prevailing rates in the Denver market. **See Case**, 157 F.3d at 1257 (in absence of positive proof, court may rely on other relevant factors, including its own knowledge, to determine a reasonable hourly rate of compensation).

[5] Plaintiffs still may seek costs appropriately recoverable under Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1 by filing a bill of costs with the Clerk of the Court.

    b.  That the motion is **DENIED** without prejudice insofar as it requests costs and attorney fees;

  2.  That default judgment **SHALL ENTER** on behalf of plaintiffs Broadcast Music, Inc.; Stone Diamond Music Corp.; Universal-Songs of Polygram International, Inc.; Sony/ATV Songs LLC d/b/a/ Sony ATV Melody; Sony/ATV Songs LLC; The Bernard Edwards Company LLC; Concord Music Group, Inc. d/b/a Jondora Music; Sony/ATV Songs LLC d/b/a Sony ATV Tree Publishing; Velvet Apple Music; EMI Blackwood Music Inc.; Warner-Tamerlane Publishing Corp.; Unichappell Music Inc.; ECAF Music, Songs of Universal, Inc.; EMI Virgin Songs, Inc. d/b/a EMI Longitude Music; Rondor Music International, Inc. d/b/a Irving Music; and Hayrome Publishing, against defendants Cleatz Bar and Grill LLC d/b/a Cleatz Sports Bar & Grill, and Lori E. Garner, Individually, as to plaintiffs' claims of copyright infringement;

  3.  That plaintiffs are **AWARDED** statutory damages against defendants Cleatz Bar and Grill LLC d/b/a Cleatz Sports Bar & Grill, and Lori E. Garner, jointly and severally, in the amount of $36,000;

  4.  That plaintiffs further are **AWARDED** post-judgment interest as provided by 28 U.S.C. § 1961 on the principal amount set forth in paragraph 3 above from the date of this order until the judgment is paid in full; and

  5.  That plaintiffs further are **AWARDED** their costs, to be taxed by the Clerk of the Court pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

  Dated June 25, 2012, at Denver, Colorado.

                **BY THE COURT:**

                */s/ Robert E. Blackburn*
                Robert E. Blackburn
                United States District Judge