**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 12-cv-00321-REB-CBS

BROADCAST MUSIC, INC.,
STONE DIAMOND MUSIC CORP.,
UNIVERSAL-SONGS OF POLYGRAM INTERNATIONAL, INC.,
SONY/ATV SONGS, LLC d/b/a SONY ATV MELODY,
SONY/ATV SONGS, LLC,
THE BERNARD EDWARDS COMPANY, LLC,
CONCORD MUSIC GROUP, INC. d/b/a JONDORA MUSIC,
SONY/ATV SONGS LLC d/b/a SONY ATV TREE PUBLISHING,
VELVET APPLE MUSIC,
EMI BLACKWOOD MUSIC, INC.,
WARNER-TAMERLANE PUBLISHING CORP.,
UNICHAPPELL MUSIC, INC.,
ECAF MUSIC,
SONGS OF UNIVERSAL, INC.,
EMI VIRGIN SONGS, INC. d/b/a EMI LONGITUDE MUSIC,
RONDOR MUSIC INTERNATIONAL, INC. d/b/a IRVING MUSIC, and
HAYROME PUBLISHING,

     Plaintiffs,

v.

CLEATZ BAR AND GRILL, LLC d/b/a CLEATZ SPORTS BAR & GRILL, and
LORI E. GARNER, individually,

     Defendants.

**ORDER GRANTING PLAINTIFFS' RENEWED MOTION FOR ATTORNEYS' FEES**

**Blackburn, J.**

The matter before me is **Plaintiffs' Renewed Motion for Attorneys' Fees** [#18][1] filed July 12, 2012. I grant the motion.

---

[1] "[#18]" is an example of the convention I use to refer to the docket number of a particular filing.

In the **Order Granting in Part and Denying in Part Plaintiffs' Motion for Default Judgment** [#16], filed June 25, 2012, I denied without prejudice that portion of the plaintiffs' **Motion for Default Judgment** [#15] requesting attorney fees. In the renewed motion plaintiffs circumstantiate the reasonableness of attorney fees of $6,543.50.

Under 17 U.S.C. § 505 – Section 505 of the Copyright Act – Congress provides for the imposition of costs and attorneys' fees in favor of the prevailing party:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505. "Plaintiffs in copyright actions may be awarded attorneys' fees simply by virtue of prevailing in the action: no other precondition need be met, although the fee awarded must be reasonable." *Girlsongs v. 690 Indus., Inc.*, 625 F.Supp.2d 1127, 1130-31 (D. Colo. 2008). An award of attorney fees serves to "penalize the losing party, to deter continuing infringement, to make the prevailing party whole, and to encourage the proper prosecution of copyright infringements." *Beginner Music v. Tallgrass Broad., LLC*, 2009 U.S. Dist. LEXIS 71028, *11 (D. Kan. Aug. 12, 2009). Moreover, as I recognized in my order "'attorney's fees are awarded more often as the rule than the exception' in cases of this nature." *See* Order [#16 at 5] (quoting JMV Music, Inc. v. Cichran, 2000 WL 1863478, *3 (D. Kan. Nov. 16, 2000). Thus, under 17 U.S.C. § 505, courts have not been reluctant to allow full recovery by awarding the prevailing party its reasonable costs and attorney fees. *See, e.g., Girlsongs*, 625 F.Supp.2d at 1132;

*Milene Music, Inc. v. Gotauco*, 551 F. Supp. 1288, 1297-98 (D.R.I. 1982).

Unremarkably, the determination of what constitutes a reasonable attorneys' fee lies within the broad discretion of the court. *See* 17 U.S.C. § 505 ("In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party…"). However, in determining whether to award fees, the following non-exclusive factors may guide a court's exercise of its discretion: "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Meshwerks, Inc. v. Toyota Motor Sales U.S.A., Inc.*, 528 F.3d 1258, 1270 n.11 (10th Cir. 2008)(quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994)).

In light of the objective unreasonableness of defendants' unexplained and unexcused failure to answer plaintiffs' complaint for copyright infringement, the willful nature of the infringement, and the need to promote and protect considerations of compensation and deterrence, the operative facts of this case warrant an award of full attorney fees. *See Stockart.com, LLC v. Engle*, 2011 U.S. Dist. LEXIS 20470, *45-46 (D. Colo. Feb. 18, 2011).

"In determining appropriate attorneys' fees, courts generally begin by calculating the lodestar – the attorneys' reasonable hourly rate multiplied by the number of hours reasonably expended." *Obenauf v. Frontier Fin. Group, Inc.*, 785 F.Supp.2d 1188, 1206 (D. Colo. 2011). Although the setting of a reasonable hourly rate is within the district court's discretion, it should "reflect the 'prevailing market rates in the relevant community.'" *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995) (quoting *Blum v.*

*Stenson*, 465 U.S. 886, 895 (1984)).

Plaintiffs seek an award of attorney fees for the work performed by Ian L. Saffer, Kathryn L. Bohmann1, Miranda C. Martinez, and Crystal M. Boyle. Saffer Decl. [#18-1 at ¶ 4]. The hourly rates charged for the work performed on the case by Mr. Saffer, Ms. Martinez, and Ms. Boyle are $500, $325, and $160, respectively. *Id.* at ¶ 7. I find and conclude that each of these hourly rates is reasonable.

First, the hourly rates charged fall within the reasonable and acceptable range of rates charged by intellectual property attorneys of comparable skill, experience, and reputation for the performance of similar services in bringing copyright infringement claims. Saffer Decl. [#18-1 at ¶ 18-1]; *I*d. at Exs. 4, 5; *see also Ward v. Siebel*, 2012 U.S. Dist. LEXIS 83171, *11-13 (D. Colo. June 15, 2012) (attorneys at the peer law firm of Cooley Godward Kronish LLP billed at hourly rates of $410-760). Additionally, as the plaintiffs note credibly and cogently, in intellectual property cases, courts frequently use the survey of the American Intellectual Property Law Association (AIPLA) in determining a reasonable rate. *See, e.g., Takeda Chem. Indus., Ltd. v. Mylan Labs, Inc.*, 2007 WL 840368, at *3 (S.D.N.Y. Mar. 21, 2007) ("In determining a reasonable rate, a court may refer to American Intellectual Property Law Association ("AIPLA") surveys.") (citing *Mathis v. Spears*, 857 F.2d 749, 755 (Fed. Cir. 1988) ("As the law makes clear, the district court properly considered the [AIPLA] surveys")); *see also Yamanouchi Pharm. Co., Ltd. v. Danbury Pharmacal, Inc.*, 51 F. Supp. 2d 302, 304-305 (S.D.N.Y. 1999) ("In determining a reasonable rate, the court may refer to American Intellectual Property Law Association (AIPLA) surveys ...") The rates for Mr. Saffer and Ms. Martinez are consistent with the rates reported in the most recent AIPLA survey and reflect

4

appropriately the specialized nature of intellectual property law services. *See* Saffer Decl. [#18-1 at ¶¶ 8-10]; *id.* Ex. 3].

Second, the number of hours charged by Mr. Saffer, Ms. Martinez, and Ms. Boyle are reasonable and supported amply by invoices based on detailed contemporaneous time records. *See* Saffer Decl. [#18-1 at ¶ 6]; *id.*, Exs. 1, 2. Counsel for plaintiffs spent a total of 18.4 hours on this case, which included: performing pre-filing research; preparing the complaint, exhibit, summonses, and civil cover sheet for filing; effecting service; preparing the motion for entry of default; and drafting and marshaling the motion for default judgment and all concomitant supporting declarations and exhibits. *See* Saffer Decl. [#18-1]; *id.* Exs. 1, 2. I find that the number of hours billed is reasonable and  arguably much lower than other law firms for the same type of work. *Cf. Stockart.com*, 2011 U.S. Dist. LEXIS 20470 at *48 (75 hours was a reasonable estimate of attorney hours spent on the case from filing to default judgment). Furthermore, plaintiffs' attorneys fees total only $6,542.50. This total amount is reasonable in light of the nature of the case and the services provided by counsel. *See id.*, 2011 U.S. Dist. LEXIS 20470 at *48 (awarding attorney fees of $39,337.50 in default judgment); *Girlsongs*, 625 F.Supp.2d at 1133 (awarding attorney fees of $14,322.00 in default judgment). Thus, while the hourly rates charged by plaintiffs' counsel are slightly higher than the rates charged by some lawyers in the Denver-Metro area, the total fees charged is in line with or lower than amounts awarded in other copyright cases. Finally, the relevant evidence demonstrates that counsel's expertise in and experience with copyright litigation – including representation of BMI in numerous prior copyright cases – achieved efficiencies that render the total amount requested reasonable. Saffer Decl.

[#18-1 at ¶ 14].

I conclude ultimately that the renewed motion should be granted and that attorney fees of $6,543.50 should be awarded. Thus, appropriate orders should be entered.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Plaintiffs' Renewed Motion for Attorneys' Fees** [#18], filed July 12, 2012, is **GRANTED**;

2. That the plaintiffs are **AWARDED** attorney fees of $6,543.50; and

3. That the **Default Judgment** is **AMENDED** to include attorney fees of $6,543.50.

Dated February 27, 2013, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge